IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-097-CR





BRENDA LOUISE MARTIN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 43,484, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). (1) The district court assessed punishment at imprisonment for twenty years.

 On August 20, 1993, appellant hired a cab in Killeen. Ann Oberman, the driver
of the cab, testified that she drove appellant and three children to several locations in the city. 
At the last stop and after the children had left the cab, appellant attacked Oberman with a pair of
scissors. Oberman suffered numerous stab wounds, mostly to her head, face, and neck. 
Appellant took Oberman's money belt and cash from her purse, then walked away.

 Killeen police officer Timothy Simeroth arrived at the scene moments after the
attack. Oberman pointed out appellant and Simeroth followed her into a nearby tavern, where he
found her in possession of the property taken from Oberman. The bloody scissors were near the
tavern entrance. Appellant told Simeroth, "I wouldn't have had to have stabbed her if she had
given me my change. She laughed and would not give it to me so I had to do it." Oberman
testified that appellant did not give her any money and that she did not withhold from appellant
any money due her.

 In her only point of error, appellant contends the district court erred by permitting
the State to question a defense witness about an unadjudicated extraneous offense. Appellant's
husband, Victor Martin, and a family friend, Beatrice Dunham, testified on appellant's behalf. 
Victor Martin was questioned by defense counsel as follows:


Q When you first heard about this, how did you react to it?


A Well it was kind of shocking like, you know, it's so hard to believe. It just
wasn't my wife. You know, I didn't think it was my wife, you know.


Q Is she the kind of person that you would think of as doing something like
this?


A No, sir.



Counsel questioned Dunham in a similar fashion:


Q You're aware of what she is accused of doing?


A Yes.


Q Did this fit the person that you know?


A It was quite shocking that it -- You know, I was sitting on my bed; and
when her mother called me and said it had happened, it rather shocked me
because it seemed out of character.


Q It seemed out of character for her?


A It seemed out of character for the way I knew her --


Q Okay.


A -- all these years.



Over appellant's objection, the State was permitted to ask Dunham during cross-examination,
"Have you heard that Brenda Martin had been under investigation by the Temple Police
Department for having passed a forged check on December 30th, of 1992, at the King Saver Store
in Temple, Texas?" Dunham replied, "That's news to me."

 Appellant argues that the witnesses testified only that her violent conduct was out
of character, and that the extraneous forgery was therefore irrelevant. See Tex. R. Crim. Evid.
405 (character witness may be cross-examined about relevant specific instances of conduct). 
Alternatively, appellant argues that any relevance was clearly outweighed by the risk of undue
prejudice. Tex. R. Crim. Evid. 403. Appellant also contends that because Dunham testified to
her opinion regarding appellant's character, the prosecutor should have framed his question in
terms of what the witness knew, instead of what she had heard. The State replies that the defense
witnesses testified to appellant's good character generally and that the question regarding the
alleged forgery was relevant to impeach this testimony. The State further asserts that appellant's
complaint regarding the form of the question was not preserved for review.

 Whatever the merits of the respective arguments, we are satisfied that the error,
if any, in permitting the cross-examination complained of was harmless. It was undisputed at trial
that appellant stabbed Oberman and took her money. Appellant offered two defensive theories:
(1) that she did not intend to rob Oberman but only sought the return of money belonging to her
and (2) that the scissors were not shown to be a deadly weapon. The prosecutors made no
reference to the alleged forgery offense during their arguments. The court instructed the jury that
the State's question "of a character witness for the defendant whether they had heard about another
offense of the part of the defendant" and the witness's answer to this question were not to be
considered as evidence of guilt, but only for the purpose of determining the weight to give the
witness's testimony. Under the circumstances, we are convinced beyond a reasonable doubt that
the single reference to the alleged forgery, if error, did not contribute to the jury's verdict. Tex.
R. App. P. Ann. 81(b); Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989). The point of
error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Affirmed

Filed: October 26, 1994

Do Not Publish
1. This offense took place before September 1, 1994, and is governed by the law in effect at
the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, had no
substantive effect on section 29.03, the current code is cited for the sake of convenience.